IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WINANS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COX AUTOMOTIVE, INC. | : | NO.  22-3826 |

## MEMORANDUM

**Padova, J.**                                                                              **July 5, 2023**

Plaintiff Michael Winans has filed an Amended Complaint against his former employer, Defendant Cox Automotive Inc., asserting two Counts of religious discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act (the "PHRA").[1]  Before the Court is Defendant's Motion to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.  For the following reasons, the Motion is denied.

## I.    FACTUAL BACKGROUND

The Amended Complaint alleges the following facts.  On August 2, 2021, Defendant announced a COVID-19 vaccine mandate for its employees whereby all employees were required to receive the vaccine by October 18, 2021, or risk termination.  (Am. Compl. ¶ 14.)  Plaintiff, who was then employed by Defendant as an implementation specialist, "filed a generic ticket with Jessica Reyes in Human Resources on August 10, 2021, seeking an exemption from the vaccine mandate on personal and religious grounds."  (Id. ¶¶ 7, 19.)  Plaintiff also contacted Defendant's "Chief Executive Officer [('CEO')], Stephen Rowley, requesting an opportunity to discuss . . . [his] overall concerns with the vaccine mandate."  (Id. ¶ 21.)  Human Resources, however, did not

---

[1] We granted Defendant's Motion to Dismiss the initial Complaint in this action on April 17, 2023 without prejudice to Plaintiff filing an Amended Complaint asserting claims of religious discrimination pursuant to Title VII and the PHRA.  See Winans v. Cox Auto., Inc., Civ. A. No. 22-3826, 2023 WL 2975872 (E.D. Pa. Apr. 17, 2023).

respond to Plaintiff's request for an exemption, and Rowley refused to meet or speak with Plaintiff. (Id. ¶¶ 20-21.)

Nevertheless, in mid-September 2021, Defendant announced a formal exemption process from the vaccine mandate whereby all employees could apply for either (1) a medical exemption with a note from a physician, or (2) a religious exemption with a note from a religious figure at the employee's religious institution "attesting to the [employee's] religious objections to the COVID-19 vaccine." (Id. ¶¶ 22-24.)  Defendant stated that it would not entertain exemption requests based on personal beliefs.  (Id. ¶ 25.)

Plaintiff refused to comply with the vaccine mandate because, inter alia, he "holds a religious, moral, and philosophical objection to abortion" and "[h]e finds it morally abhorrent that the COVID-19 vaccine was created using aborted fetal cells."  (Id. ¶ 34.)  Plaintiff, however, did not formally apply for a religious exemption from the mandate because he is not a member of a religious institution and, therefore, he could not obtain a note from a religious figure, as required by Defendant's policy.  (Id. ¶ 38.)  Plaintiff was also "unwilling to discuss his religious objections with coworkers due to an environment of hostility surrounding religious beliefs between coworkers and managers."  (Id. ¶ 45.)  Nonetheless, Plaintiff attempted to discuss options for accommodations with management and, on September 20, 2021, he submitted an ethics complaint to Defendant's ethics hotline regarding the vaccine mandate.  (Id. ¶¶ 40-41.)  The ethics hotline dismissed Plaintiff's complaint three days later.  (Id. ¶ 42.)  Subsequently, on October 20, 2021, Defendant terminated Plaintiff's employment, effective October 29, 2021.  (Id. ¶ 46.)

## II.    LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as

undisputedly authentic documents if the complainant's claims are based upon these documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  However, we "are not bound to accept as true a legal conclusion couched as a factual allegation."  Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (second alteration in original)).  The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'"  Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level."  Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

## III.    DISCUSSION

Defendant moves to dismiss the Amended Complaint on the grounds that Plaintiff has failed to state any claim for religious discrimination under either Title VII or the PHRA.  We

analyze the PHRA and Title VII claims under the same legal standard.  See Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 317 (3d Cir. 2000) (citing Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999)).  "Under Title VII, it is unlawful for an employer to 'discharge . . . or otherwise to discriminate against any individual with respect to h[is] compensation, terms, conditions or privileges of employment, because of . . . religion.'"  Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 319 (3d Cir. 2008) (first and third alterations in original) (quoting Shelton v. Univ. of Med. & Dentistry of N.J., 223 F.3d 220, 224 n.4 (3d Cir. 2000)).  "In addition, under 42 U.S.C. § 2000e(j), an employer must make reasonable accommodations for its employees' religious beliefs and practices unless doing so would create an 'undue hardship' for the employer."  Id. (quoting Shelton, 223 F.3d at 224).

The Amended Complaint asserts two claims of religious discrimination, each alleging that Defendant failed to accommodate Plaintiff's religious objections to the COVID-19 vaccine mandate.[2]  Defendant argues that the Amended Complaint fails to state a claim for failure to accommodate because the Amended Complaint does not allege sufficient facts to establish that Plaintiff either (1) informed Defendant of a conflict between his religious beliefs and the vaccine mandate, or (2) meaningfully engaged in Defendant's accommodation process.

A.    Notice of Religious Conflict

In order to state a claim for religious discrimination based on a failure to accommodate theory, an employee must allege that "(1) he held a sincere religious belief that conflicted with a job requirement, (2) *he informed his employer of the conflict*, and (3) he was disciplined for failing

---

[2] The Amended Complaint also appears to assert a claim for retaliation on the grounds that Defendant terminated Plaintiff in retaliation for his religious objections to the vaccine mandate. (Am. Compl. ¶¶ 129, 139.)  Defendant's Motion, however, only addresses Plaintiff's failure to accommodate claims.  Accordingly, Plaintiff's claim for retaliation, if any, is not subject to dismissal by the present Motion.

to comply with the conflicting requirement." Fallon v. Mercy Cath. Med. Ctr., 877 F.3d 487, 490 (3d Cir. 2017) (emphasis added) (citing Shelton, 223 F.3d at 224).  With respect to the second element, "[t]he employee must give the employer fair warning that a particular employment practice will interfere with that employee's religious beliefs."  Wilkerson, 552 F.3d at 319 (quotation omitted).  "An employer is on notice of a [plaintiff's] religion when 'an employer has enough information to make it aware a conflict exists between the individual's religious practice or belief and a requirement for applying for or performing the job.'"  E.E.O.C. v. United Galaxy, Inc., Civ. A. No. 10-4987, 2013 WL 3223626, at *6 (D.N.J. June 25, 2013) (citations omitted); see, e.g., Shelton, 223 F.3d at 225 (rejecting employer's argument that it was not on notice of plaintiff's religious conflict with job requirement "because she never provided the requested note from her pastor"); Sistrunk v. Camden Cnty. Workforce Inv. Bd., Civ. A. No. 05-1506, 2007 WL 1175701, at *4 (D.N.J. Apr. 18, 2007) (denying in relevant part employer's motion for summary judgment, in which employer asserted a lack of notice, because even though employee did not "explicitly inform[ ]" his employer of his religious conflict, he mentioned to his supervisor that job requirement would disrupt his "way of life").

Here, Defendant argues that the Amended Complaint fails to plead sufficient facts to plausibly suggest that Plaintiff "expressly informed [Defendant] of a conflict between his religious belief and [the] COVID-19 vaccine mandate."  (Def.'s Mem. at 8.)  In support of its position, Defendant focuses on the allegation in the Amended Complaint that Plaintiff "was unwilling to discuss his religious objections with coworkers."  (Id. at 8 (quoting Am. Compl. ¶ 45).)  However, the Amended Complaint repeatedly alleges that, despite Plaintiff's unwillingness to speak with his *coworkers* about his religious beliefs, Plaintiff *was* willing to speak with his managers, Human Resources, and CEO Rowley about his refusal to comply with the vaccine mandate and his request

for an accommodation.  (See Am. Compl. ¶¶ 18-21, 40.)  Defendant also contends that the

Amended Complaint fails to allege that Plaintiff's generic ticket with Human Resources contained

a statement of his religious beliefs, but the Amended Complaint specifically alleges that Plaintiff

"filed a generic ticket with Jessica Reyes in Human Resources . . . , seeking an exemption from

the vaccine mandate on personal and religious grounds."  (Am. Compl. ¶ 19.)  Construing these

factual allegations in the light most favorable to Plaintiff, Warren Gen. Hosp., 643 F.3d at 84, we

can only conclude that the Amended Complaint alleges that Plaintiff informed Human Resources,

and therefore Defendant, of his religious conflict with the COVID-19 vaccine mandate.

Accordingly, we deny Defendant's Motion to dismiss with respect to this argument.

      B.     Plaintiff's Engagement with Defendant's Accommodation Process

Defendant argues that the Amended Complaint should be dismissed because it fails to

allege sufficient facts to show that Plaintiff cooperated in Defendant's accommodation process.

Where an employee informs his employer that his religious beliefs conflict with a job requirement,

the employer must provide the employee with a reasonable accommodation, "unless doing so

would create an 'undue hardship' for the employer."  Wilkerson, 522 F.3d at 319 (citing

Shelton, 223 F.3d at 224).  "[I]n the search for an acceptable reconciliation of the needs of the

employee's religion and the exigencies of the employer's business," however, "bilateral

cooperation is appropriate."  Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 69 (1986) (quotation

omitted).  Thus, once an employer initiates discussions with the employee and proposes an

accommodation, the employee "ha[s] a duty to cooperate in determining whether the proposal [is]

a reasonable one."  Shelton, 223 F.3d at 227 (citing Philbrook, 479 U.S. at 68-69).  Nonetheless,

"[t]he statutory burden to accommodate rests with the employer, and the employee's duty to make

a good faith attempt to satisfy his needs through means offered by the employer, is irrelevant until

the employer satisfies its initial obligation to attempt accommodation." Cain v. Hyatt, 734 F. Supp.

671, 684 (E.D. Pa. 1990) (internal quotations omitted) (quoting Toledo v. Nobel-Sysco, Inc., 892

F.2d 1481, 1488-89 (10th Cir. 1989)) (citing Anderson v. Gen. Dynamics Convair Aerospace Div.,

589 F.2d 397, 401 (9th Cir. 1978)); see also Shepherd v. Gannondale, Civ. A. No. 14-8, 2014 WL

7338714, at *19 (W.D. Pa. Dec. 22, 2014) ("An employee's 'concomitant duty' to cooperate . . .

arises only *after* the employer has suggested a possible accommodation." (alteration in original)

(quotation omitted)); E.E.O.C. v. Aldi, Inc., Civ. A. No. 06-1210, 2008 WL 859249, at *12 (W.D.

Pa. Mar. 28, 2008) ("Title VII's reasonable accommodation provisions contemplate an *interactive*

*process,* with cooperation between the employer and the employee, *but which must be initiated by*

*the employer.*" (quotation and citation omitted)).

Defendant argues that the Amended Complaint fails to allege sufficient facts to show that

Plaintiff satisfied his duty to cooperate in the accommodation process.  However, the Amended

Complaint alleges that Defendant failed to "satisf[y] its initial obligation to attempt

accommodation" such that Plaintiff's duty to cooperate was never triggered.  Cain, 734 F. Supp.

at 684 (quotation and citation omitted).  Specifically, the Amended Complaint alleges that Plaintiff

"attempted on numerous occasions to discuss [accommodation] options with management," but

"Defendant failed to provide Plaintiff with any accommodation" and "failed to engage in *any*

productive discussion with Plaintiff or provide an individualized assessment regarding his

situation."  (Am. Compl. ¶¶ 40, 127-28.)  Moreover, the Amended Complaint alleges that, on

August 10, 2021, Plaintiff filed a ticket with Human Resources "seeking an exemption from the

vaccine mandate on personal and religious grounds," but "Human Resources never followed up

with [him] regarding the ticket" and "[t]he ticket remained open for over a month, until it was

closed with no response or explanation."  (Id. ¶¶ 19-20.)  Viewing these allegations in the light

most favorable to the Plaintiff, <u>Warren Gen. Hosp.</u>, 643 F.3d at 84, we can only conclude that the Amended Complaint plausibly alleges that Defendant failed to meet its "initial obligation to attempt accommodation" and therefore failed to trigger Plaintiff's corresponding duty to cooperate. <u>Cain</u>, 734 F. Supp. at 684 (quotation and citation omitted). Under these circumstances, Defendant's argument that Plaintiff failed to cooperate in the accommodation process is irrelevant because that duty arises "only *after* the employer has suggested a possible accommodation." <u>Shepherd</u>, 2014 WL 7338714, at *19 (quotation omitted). Accordingly, we deny Defendant's Motion to Dismiss with respect to this argument.

## IV.    CONCLUSION

For the foregoing reasons, we deny the Motion to Dismiss in its entirety. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.